Nash J.
 

 The plaintiff’s bill is so defectively drawn, that it is not in the power of thé Court to grant him the relief he seeks, if he be entitled to it at all. Lord Redesdale, in his Treatise on Chancery Practice, in describing the various parts of a Bill in Equity, and pointing out their respective uses, says, the right of the several parties, the injury complained of, and every other necessary circumstance, ought to be plainly, though succinctly, stated. Whatever is essential to the right of the plaintiff, and is necessarily within his knowledge, ought to be alleged positively and with precision, Mitfords ch. Practise, 42. The complainants equity must appear in the stating part of the Bill,
 
 Flint
 
 v.
 
 Rives,
 
 3rd Ves. 343. And
 
 the facts
 
 set forth constitute the only ground of relief, and those facts must appear in the stating part of the bill, and constitute the
 
 case
 
 of the complainant.
 
 Skinner
 
 v.
 
 Bailey,
 
 7th Day’s Rep. 342. Nor can the plaintiff rely upon the interrogating part of his bill to supply the deficienees of his case, as contained in the stating part; for as that part is intended to compel a full
 
 *375
 
 answer to the former part, it must be founded on the facts and matters there stated. If, therefore, there is nothing in the stating part of the bill, warranting the interrogatory part, the defendant is not bound to answer it. Mitford, 45. The of the bill in this case is to obtain a partition of the slave mentioned therein ; and it ought to have set forth, in a clear and distinct manner, the title by which he claimed the negro, and if there were any facts, either as to the title or to any other portion of his claim to relief, particularly within his own knowledge, those he ought to have alleged, positively and with precision. In the stating part of his bill, which must contain his case, he states, “he is tenant in common with the defendant, of the negro woman Mourning ; that he has called upon the defendant to account with him for his share of the services of said slave, and also to make sale of said negro for the purpose ofdivision, both of which requests she had refused, alleging that she is the absolute owner of the said slave, and that she acquired the interest of her brother, David Buchanan, in said slave, previous to the sale by the said David to John Rhinehardt, under whom your orator
 
 set up
 
 title.”— This is the plaintiff’s case. He does not
 
 allege
 
 any title in David Buchanan to the slave, nor in John Rhinehardt, nor does he allege any title in himself, any farther than saying, he is a tenant in eommon with the defendant, and he then explains what he means by saying “under whom (referring to John Rhinehardt,) your orator sets up title.” But what kind of a title,how acquired, whether upon a valuable consideration, oras a mere gift — or, if a purchaser, whether to be paid for it only in case he should succeed in this suit — are all facts within hisknowledge,and not alleged nor set forth. It is true,in the charging part of his bill, he charges that David Buchanan sold and conveyed to John Rhinehardt, under whom he claims title, his interest in the slave Mourning, before he conveyed to the defendant. But, if the charging part of a bill can supply the deficiencies of the stating part, which must contain the plaintiffs case, here there are no such suppletory charges. They leave the case precisely as it was. Nor can the interrogating part
 
 *376
 
 of the bill be made to supply a deficient statement of the case ; if it would, the interrogatories here would remove the difficulties ; they are varied and ingeniously framed to make out the case for the plaintiff, but they cannot avail him. We know full well the difficulties which surround gentlemen of the, bar, who are called on to draw bills in Equity on the Circuits, the little time allowed for reflection or revision, and the Court has not been very vigilant, in its practice upon the Equity Docket, in ruling cases as to matters of form. But, we consider the defect in this bill not as formal, but substantial, and, even in matters of form, some attention must bo paid to the precedents, which have been established by long practice.
 

 Per Curiam, Bill dismissed with costs.